ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:	(702) 634-5000
Facsimile:	(702) 380-8572
ariel.stern@akerman.com
tenesa.scaturro@akerman.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARY PHILLIPS, an individual<br><br>Plaintiff,<br><br>v.<br><br>DIGNIFIED TRANSITION SOLUTIONS, a Delaware limited liability company; BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-2237-GMN-VCF<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)** |

Dignified Transition Solutions (**DTS**) and Bank of America, N.A. (**Bank of America**, collectively **defendants**) move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Mary Phillips' (**Phillips**) complaint for failure to state a claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.	INTRODUCTION**

Mary Phillips, a prospective purchaser of real property in a short sale, alleges DTS and Bank of America misrepresented information and committed other actionable irregularities during the short sale process. The court should dismiss her claims for violation of the Nevada Deceptive Trade Practices Act (**NDTA**), breach of contract, misrepresentation, and emotional distress because they fail as a matter of law. **First**, the NDTA does not apply to real estate transactions and, even if it did, Phillips fails to plead her claim with the required specificity. **Second**, Phillips has not demonstrated

{27605265;1}

that an enforceable contract exists between the parties.  **Third**, Phillips' misrepresentation claims are not pled with particularity under Rule 9(b).  **Fourth**, Phillips' complaint does not allege any extreme or outrageous conduct which would subject defendants to liability.  These claims fail as a matter of law.

## II.   STATEMENT OF FACTS

In September of 2011, Phillips made an offer to purchase the property located at 2911 Augusta Drive, Las Vegas, Nevada, 89109 for $275,000. Compl. ¶ 17.[1]  The property was listed for sale as part of the short sale program. *Id.* at 8.  Plaintiff alleges that in March of 2012, defendants and Phillips agreed to a closing date of April 15, 2012. *Id.* at 22.  The property did not close by April 15, 2012, and was eventually sold at foreclosure sale. *Id.* at ¶ 23, 27.

On October 23, 2013, Phillips filed a complaint against DTS and Bank of America, asserting causes of action for (1) violations of the DTPA; (2) breach of contract; (3) interference with contractual relations; (4) fraudulent or intentional misrepresentation; (5) intentional infliction of emotional distress; (6) consumer fraud; (7) attorney's fees and costs; (8) negligent misrepresentation; and (9) promissory estoppel. Defendants move to dismiss claims one, two, three, four, five, six, and eight.

## III.   LEGAL STANDARD

A complaint cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556).  Although a court must take as true all of the factual allegations, the court is "'not bound to accept as true a legal conclusion couched as a

---

[1] Defendants do not actually concede any fact, but accepts Phillips' allegations as true for purposes of this motion only. *Hamp v. Foote*, 118 Nev. 405, 47 P.3d 438 (2002)  (accepting allegations in the complaint as true to decide a motion to dismiss).

factual allegation.'" *Id*. 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Moreover, Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). According to the United States Supreme Court in *Iqbal*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Phillips fails to state a "plausible" claim for violation of the NDTA, breach of contract, misrepresentation, and emotional distress against defendants. This court should dismiss these claims with prejudice.

IV. **ARGUMENT**

A. **Phillips fails to state a claim for violation of the Nevada's Deceptive Trade Practices Act and consumer fraud.**

Phillips brings her deceptive trade practices and consumer fraud claims and pursuant to an unspecified subsection of NRS 598. The court should dismiss the claim, for two reasons. **First**, Chapter 598 does not apply to real property transactions like the short sale at issue. **Second**, Phillips did not identify the statute under which she sues, and failed to plead her claim with particularity.

1. **Phillips does not set forth which subsection of NRS 598 defendants violated.**

A party who alleges fraud must state with particularity the circumstances constituting fraud. FRCP 9(b). When alleging violation of NRS 598, a plaintiff must "identify any relevant subsection in [the] statute." *Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-1232-LDG-PAL, 2011 WL 310490, at *4 (D. Nev. Jan. 27, 2011) (dismissing claim, in part, for failure to cite the specific statutory provision allegedly violated). NDTPA claims grounded in fraud must be pled with specificity under Rule 9. *Ham v. JP Morgan Chase Bank, N.A.*, Case No. 2:11-cv-1544-KJD-RJJ, 2012 WL 3883480, at *2 (D. Nev. Sept. 5, 2012). Here, the complaint fails to allege which

subsection of NRS 598 defendants allegedly violated and lacks the requisite specificity. The court should dismiss the claim for this reason alone.

### 2. The DTPA applies only to transactions for the sale of goods or services

Phillips brings her deceptive trade practices and consumer fraud claims pursuant to an unspecified section of NRS 598. To the extent Phillips' claim is brought under NRS 598.0917, it fails. Nevada Revised Statute 598.017 states that it is a deceptive trade practice if a person, during the course of his or her business or occupation, "employs 'bait and switch' advertising, which consists of an offer to sell or lease goods or services which the seller or lessor in truth may not intend or desire to sell or lease" accompanied by one or more of seven enumerated practices.

As other courts have determined, Nevada's Deceptive Trade Practices Act, codified at Chapter 598, only applies to the sale of goods and services, and not real estate transactions. *See Rodriguez v. Bank of America Corp.*, No. 2:11-cv-01877-ECR-CWH, 2012 WL 3277108, at *2 (D. Nev. Aug. 8, 2012) ("While it is not readily apparent from the text of the statute, Courts in this jurisdiction have routinely held that the Nevada Deceptive Trade Practices Act does not apply to mortgage transactions and real estate, but only to transactions of goods and services."); *Tello v. Bank of Am., N.A.*, No. 2:12-cv-01040-GMN-NJK, 2013 WL 1338286, at *5 (D. Nev. Mar. 29, 2013); *Fung Ying Leung v. Mortgage Elec. Registration Sys., Inc.*, No. 2:12-cv-1393-JCM-VCF, 2013 WL 237225, at *3 (D. Nev. Jan. 22, 2013); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011); *Dela Cruz v. HSBC Bank USA, N.A.*, No. 2:12-cv-01283-MMD-PAL, 2012 3536793, at *4 (D. Nev. Aug. 15, 2012).

Phillips complains defendants violated the DTPA and committed consumer fraud by making misrepresentations related to the purchase of the property. Compl., ¶¶ 29-32, 64. These allegations deal with real estate transactions—Phillips' purported issues with the short sale process. Phillips' allegations fall outside the scope of Nevada's Deceptive Trade Practices Act.

Phillips also claims she is entitled to recover damages pursuant to NRS 598.0977, a special provision protecting the elderly from deceptive trade practices. Compl. ¶ 36. But, as outlined above, NRS 598 does not apply to real estate transactions, and therefore, Phillips is not entitled to

{27605265;1}                                                              4

any NRS 598.0977 damages. The Court should dismiss Phillips' deceptive trade practices claims as a matter of law.

### B. Phillips' breach of contract claim fails.

The court should reject Phillips' allegations that defendants breached a contract related to the short sale purchase. In order to state a claim for breach of contract, plaintiff must demonstrate (1) plaintiff and defendant entered into a valid and existing contract; (2) plaintiff performed or was excused from performance; (3) defendants breached the contract; and (4) plaintiff sustained damages as a result of the breach. *Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000). An enforceable contract requires offer, acceptance, meeting of the minds, and consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). Phillips fails to state a claim for breach of contract against defendants.

**First**, Phillips and DTS are not parties to any contract and thus there can be no breach of contract. **Second**, to the extent Phillips' claims are premised upon defendants' alleged failure to utilize the cooperative short sale program, it too fails. Phillips is not a party to the borrower's agreement with Bank of America or DTS to short sell the property, and therefore cannot state a claim for breach of contract on that basis. **Third**, Phillips does not establish that there was a meeting of minds resulting in an enforceable contract for the sale of the property. Rather, Phillips alleges that the terms of the purchase repeatedly changed. *See, e.g.,* Compl. ¶ 20. Because Phillips has not established that there was a valid contract, she cannot succeed on her breach of contract claim.

### C. Phillips' misrepresentation claims lacks sufficient specificity.

The court should reject Phillips' allegations that defendants misrepresented the short sale process. To state a claim for intentional misrepresentation, a plaintiff must establish: "(1) the defendant made a false representation; (2) with the knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). Intentional

{27605265;1}                                    5

misrepresentation and negligent misrepresentation are related, the difference being "that a negligent misrepresentation is made without a reasonable basis for believing its truthfulness." *Id*. at 1170.

Rule 9(b) requires that all "circumstances constituting the fraud . . . shall be stated with particularity." *See Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir. 1999). Averments of fraud must be specific enough to put a defendant on notice of the particular misconduct the defendant is alleged to have committed in order to properly defend against the allegations. *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). A plaintiff is required to plead the **time, place and substance** of the fraud and **specifically detail** the defendant's allegedly wrongful acts, including when they occurred and who engaged in the misconduct. *See, e.g.*, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (emphasis added); *see also Spencer v. DHI Mortgage, Inc.*, 642 F. Supp. 2d 1153, 1164 (E.D. Cal. 2009) ("[A] Plaintiff asserting fraud against a corporate [entity] must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written") (internal quotation omitted). When there are multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

Phillips' claim fails to meet the requirements of Rule 9. **First**, the Phillips' allegations improperly lump all of the defendants together and do not separately assert allegations of fraud. *Swartz*, 476 F.3d at 764-65. **Second,** Phillips fail to provide the time, place, and substance of the alleged misrepresentations, or the identity of the person who made the alleged misrepresentations. *Cooper*, 137 F.3d at 627; *Spencer*, 642 F. Supp. 2d at 1164. Phillips' complaint fails to state a claim for misrepresentation and should be dismissed.

### 2. Bank of America owed no duty of care to Phillips.

Nor can Phillips succeed on her claim for negligent misrepresentation. Phillips cannot prevail on her negligent misrepresentation claim because Bank of America did not owe Phillips a duty of care. There is no duty of care owed by a lender to a borrower. *See Hubel v. BAC Home*

{27605265;1}                                          6

*Loans Servicing LP*, No. 2:10-CV-1476 JCM-LRL, 2010 WL 4983456, at *3 (D. Nev. Dec. 2, 2010) (citing *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991)) (dismissing negligence claim because as "a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"); *Gomez v. Countrywide Bank FSB*, No. 2:09-cv-01489-RCJ-LRL, 2009 WL 3617650, at *8 (D. Nev. Oct. 26, 2009) ("A lender generally owes no duty of care to its borrower.").

Phillips' claim also fails because the economic loss doctrine precludes tort recovery for purely economic losses. *See, Calloway v. City of Reno*, 116 Nev. 250, 993 P.2d 1259 (2000), *superseded by statute on other grounds as stated in Olson v. Richard*, 120 Nev. 240, 241, 89 P.3d 31, 31 (2004). The economic loss doctrine bars Phillips' negligent misrepresentation claim because the damages alleged are purely economic.

### C.   Phillips' emotional distress claim fails.

The court should reject Phillips' allegations that defendants' alleged breach of contract was somehow an intentional infliction of emotional distress (**IIED**).

In order to state an IIED claim, plaintiff must show that (1) defendants' conduct was extreme or outrageous with either the intent of, or reckless disregard for causing emotional distress to plaintiff; and (2) plaintiff suffered severe or extreme emotional distress as the actual or proximate cause of defendants' conduct. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882 (1999). The Nevada Supreme Court has imposed a high threshold for IIED claims, concluding that they apply only to "extreme and outrageous conduct . . . which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998) ("[P]ersons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind.").

To state an IIED claim, a plaintiff must allege "'serious emotional distress' causing physical injury or illness." *Roche v. Audio Visual Serv. Grp., Inc.*, 2:09-cv-01810-LDG-GWF, 2011 WL 2971034, *7 (D. Nev. July 19, 2011) *citing Oliver v. Lowe,* 116 Nev. 395, 399, 995 P.2d 1023, 1026 (Nev. 2000). "The less extreme the outrage, the more appropriate it is to require evidence of

physical injury or illness from the emotional distress." *Nelson v. City of Las Vegas,* 99 Nev. 548, 555, 665 P.2d 1141, 1145 *citing Prosser, Handbook of the Law of Torts § 12 at 62 (4th ed .1971).* Alleging that the plaintiff suffered from stress and anxiety as a result of defendants' conduct is insufficient to state a claim for infliction of emotional distress. *Hirschhorn v. Sizzler Rest. Int'l, Inc.*, 913 F. Supp. 1393 (D. Nev. 1995) (granting summary judgment as to claim for intentional infliction of emotional distress premised on "mental anguish, stress, anxiety and sense of worthlessness" with no attendant physical injury because such injuries do not amount to severe emotional distress).

Here, Phillips' IIED claim fails for two reasons.  **First**, Phillips has not alleged any "extreme or outrageous conduct" by defendants, nor could she.  Even accepting Phillips' allegations as true, that defendants breached the contract and made misrepresentations regarding the purchase process, none of this conduct rises to the level of extreme or outrageous or outside all possible bounds of decency.  **Second**, Phillips merely states she suffered long term stress and anxiety resulting in physical injury, without providing any details concerning her alleged condition.  Plaintiff cannot succeed on her IIED claim without attendant physical injury. *Hirschhorn*, 913 F. Supp. 1393. Plaintiff has failed to state a claim against defendants for IIED and the court must dismiss this cause of action.

V. **CONCLUSION**

For the foregoing reasons, this court should dismiss claims (1) violations of Nevada's Deceptive Trade Practices Act "DTPA"; (2) breach of contract; (4) fraudulent or intentional misrepresentation; (5) intentional infliction of emotional distress; (6) consumer fraud; and (8) negligent misrepresentation.

Dated:  December 27, 2013

**AKERMAN LLP**

/s/ Tenesa S. Scaturro
ARIEL E. STERN, ESQ.
Nevada Bar No. 9772
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of December, 2013, and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**, postage prepaid to the following parties:

Michael V. Infuso, Esq.
Zachary P. Takos, Esq.
Keith W. Barlow, Esq.
GREENE INFUSO, LLP
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

*Attorneys for Plaintiff*

                                      /s/ Adam Crawford

{27605265;1}                                             9